# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEATRI J. LARRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.                                       ) | **Case No.  19-1008** |
| ) | |
| **CITY OF MOBILE, ALABAMA,**   ) | |
| ) | |
| **Defendant.**                      ) | |

_____

## COMPLAINT

Comes now the Plaintiff, Deatri J. Larry, and files his complaint against the Defendant as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is action seeks principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination and retaliation in employment in violation of 42 U.S.C. Section 1981, as made actionable by 42 U.S.C. Section 1983, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff further brings this action under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. Chapter 43 (Sections 4301 – 4333).1

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331

and 1343 (a)(3).

## II
## PARTIES

1. Plaintiff, an African-American male, is a long-time Fire Service Driver with Mobile's Fire-Rescue Department ("MFRD"). He is also a military veteran and was deployed on active duty in February 2014. He returned to the MFRD from military duty on February 6, 2017, with a service related disability, and was terminated by Defendant in August 2019, following a fitness for duty medical examination ordered by the City following the filing of an EEOC complaint.

2. Defendant City of Mobile is a municipality organized and operating pursuant to the Laws of the State of Alabama, and is covered by the civil service rules and regulation of the Mobile County Personnel Board.

https://www.military.com/benefits/military-legal-matters/userra/userra-frequently-asked-questions.html

## III
## FACTUAL ALLEGATIONS

3. In February 2014, Plaintiff returned from his deployment on active duty with the United States Military, to his position with the City of Mobile, serving as a Fire Service Driver with the Mobile Fire Rescue Department (MFRD).

---

1 Plaintiff also has requested a Notice of Rights from the EEOC regarding his pending Charges of Discrimination, and

4. Upon his returned to the MFRD on February 6, 2017, following his military discharge on January 22, 2017, and pursuant to USERRA he was placed back in his former position with the City. However, due to a service connected injury he was not able to perform his former duties and a driver, and was placed on desk duty which resulted in a reduction in pay of approximately 20% of his income.

5. While Mr. Larry was on military duty, promotional opportunities for the position of Fire Service Captain became open, but he was unable to apply due to his military service.

6. However, upon Mr. Larry's return, and consistent with the dictates of USERRA, the Mobile County Personnel Board allowed Mr. Larry to sit for the Captain's examination just as if he was present back in 2015 when the promotional opportunities first became available.

7. Mr. Larry received a score of 81.50 on the exam, and was the highest scorer since he was the only applicant taking the exam at the time. His score and the promotional register certified by the MCPB was good for one year, through June 22, 2018, before it would expire and be cancelled by the Personnel Board in accordance with that agency's rules.

8. However, even though Mr. Larry received a score of 81.5, the City of Mobile refused to fill at least two vacancies at the rank of Captain during this one

---

expects to seek leave to amend this complaint upon issuance of the Notice of Rights.

year period, solely to avoid awarding a promotion to Mr. Larry, upon information and belief.

9.  The City allowed the promotional register to expire without promoting Mr. Larry due to his race and in retaliation for his complaint of discrimination made to the United States Department of Labor alleging discriminatory treatment in the City's implementation of Mr. Larry's rights under USERRA.

10.  Mr. Larry contends the City failed to consider him for a Captain's vacancy due to his complaint of discrimination to the Department of Labor and willfully and intentionally allowed the Personnel Board's eligibility list to expire on June 22, 2018, without offering him a promotion to the rank of Captain.

11.  Due to the promotional denial by the City, Mr. Larry filed an EEOC Charge of Discrimination on June 29, 2018, bearing Charge number 425-2018-00974.

12.  Since the filing of that discrimination complaint, Mr. Larry has twice been denied a promotion to the rank of Fire Captain, even though he was ranked high enough by the Mobile County Personnel Board to be eligible for both promotions.  While over the same period the City has promoted over 15 white fireman to the rank of Captain.

13.  Further, since the filing of Mr. Larry's first Charge of Discrimination the City has advised Mr. Larry by letter dated August 5, 2019, that he must seek a

disability retirement from the City, or find another position within the City of Mobile in order to avoid termination.

16. This mandate from the City is in direct conflict with the position it took with the Department of Labor in its defense of Mr. Larry's complaint under USERRA.

15. By letter dated December 15, 2017, the Mobile City Attorney Advised the Assistant Secretary for Veterans Employment & Training Service that "Pursuant to USERRA, the MFRD re-hired Mr. Larry as a paramedic and, as a reasonable accommodation, assigned him to administrative duties which did not require him to serve on a front-line rescue unit. Presently, Mr. Larry is employed as a paramedic, the same position he held prior to his military service."

16. Despite this claim of a reasonable accommodation, the City of Mobile has now fired this military veteran for no legitimate reason, but because of his race and in retaliation for his protected activity.

17. Nothing has changed regarding the administrative duties Mr. Larry had been assigned. Those were not "made up duties' to satisfy a light-duty requirement, but reason responsibilities important to the mission of the MFRD.

18. In fact, others within the department perform the same or similar duties as Mr. Larry while holding the rank of Captain, and they do not perform driver's duties.

5

19. The City had no legitimate reason to terminate the employment of Mr. Larry as is made clear by its representations to the Department of Labor and the EEOC.

20. Upon information and belief, the City of Mobile's failure or refusal to promote Mr. Larry to the position of Fire Captain, and its act of terminating his employment was due to his race and in retaliation for his complaints of racial discrimination, all in violation of 42 U.S.C. Section 1981, as made actionable by 42 U.S.C. Section 1983, the Equal Protection Clause of the 14th Amendment, and the Uniformed Services Employment and Reemployment Rights Act.

## IV

## COUNT I

Because of its actions as outlined above, the Defendant City of Mobile has engaged in unlawful discrimination based on race in violation of 42 U.S.C. Section 1981, as made actionable by 42 U.S.C. Section 1983.

## COUNT II

Because of its actions as outlined above the Defendant has engaged in unlawful employment discrimination based on race in violation of the Equal Protection Clause of the 14th Amendment

## COUNT III

Because of its actions as outlined above the Defendant has engaged in

unlawful retaliation in violation of the Equal Protection Clause of the 14th Amendment

## COUNT IV

Because of its actions as outlined above the Defendant has engaged in retaliation in violation of in violation of 42 U.S.C. Section 1981, as made actionable by 42 U.S.C. Section 1983.

## COUNT V

Because of its actions as outlined above the Defendant City of Mobile has violated the Uniformed Services Employment and Reemployment Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that the Defendant has engaged in unlawful discrimination as set out in Counts I and II listed above;

(b) A declaratory judgment that the Defendant has engaged in unlawful retaliation as set out in Counts III and IV listed above;

(c) A declaratory judgment that the Defendant has violated the Uniformed Services Employment and Reemployment Rights Act.

(d) Order the reinstatement of Plaintiff to his position in the MFRD performing the administrative duties he was performing at the time of his

termination, or some other comparable position;

      (e) Award Plaintiff the promotion to the rank of Captain that the City unlawfully denied him;

      (f) Award Plaintiff Larry all back pay and benefits he would have received had he not been unlawfully denied a promotion and unlawfully terminated;

      (g) Award Plaintiff reasonable compensatory damages in the amount of $300,000 for having to suffer the humiliation, stress, and embarrassment of this unlawful treatment;

      (h) Award Plaintiff his costs and expenses in bringing this action, including a reasonable attorney's fee; and such other alternate relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED**.

      Respectfully Submitted,

*/s/ Ronnie L. Williams*
Law office of Ronnie L. Williams
814 St. Francis Street
Mobile, Alabama 36602
(251) 432-6985 (Tel.)
(251) 432-6987 (Fax)