IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEATRI J. LARRY,

        Plaintiff,

v.

CITY OF MOBILE, ALABAMA,

        Defendant.

CASE ACTION No. 1:19-cv-1008-MU

**SECOND AMENDED COMPLAINT**

Comes now the Plaintiff, Deatri J. Larry, and submit this Second Amended Complaint to further address the "shotgun" pleading concerns raised by the Defendant in its Second Motion to Dismiss:

**INTRODUCTORY AND JURISDICTIONAL STATEMENT**

This is action seeks principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. Chapter 43 (Sections 4301 – 4333).

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3).

**II**
**PARTIES**

1.    Plaintiff, who is African-American, is a long-time Fire Service Driver with Mobile's Fire-Rescue Department ("MFRD"). He is also a military veteran who was deployed on active duty in February 2014 while still employed by the City of Mobile.

1

2. On February 6, 2017, Plaintiff returned to the MFRD from military duty, with a service related disability. He promptly requested and received an accommodation from the Defendant which allowed him to eliminate his driving responsibilities.

3. Defendant City of Mobile is a municipality organized and operating pursuant to the Laws of the State of Alabama, and is covered by the civil service rules and regulation of the Mobile County Personnel Board, and employs over 300 full-time employees.

### III

### FACTUAL ALLEGATIONS

A. **TITLE VII – Race Discrimination**

4. In February 2017, Plaintiff returned from his active duty deployment to his position with the City of Mobile.

5. Upon his returned to the MFRD, following his military discharge on January 22, 2017, and pursuant to USERRA, Plaintiff was placed back in his former position with the City. However, due to his service connected injury Plaintiff not able to perform his former duties as a fire service driver, and was placed on desk duty which resulted in an approximate reduction in pay of 20% of his income.

6. Plaintiff subsequently filed a complaint of discrimination with the Department of Labor's Veterans' Employment and Training Service regarding the pay reduction.

7. Also, while Plaintiff was on military duty, several promotional opportunities for the position of Fire Service Captain were announced, but Plaintiff was unable to apply due to his military service.

8. However, upon Plaintiff return form military duty, and consistent with the dictates of USERRA, the Mobile County Personnel Board allowed Mr. Larry to sit for the Captain's

examination just as if he was present back in 2015 when the Fire Service Captain vacancies first became available.

9. Plaintiff received a score of 81.50 on the exam, and was the highest scorer since he was the only applicant taking the exam at the time.

10. Plaintiff's score and the promotional register certified by the Mobile County Personnel Board ("MCPB") was good for one year, through June 22, 2018, before it would expire and the vacancy list cancelled by the MCPB in accordance with that agency's rules.

11. However, upon information and belief, even though Plaintiff received a score of 81.5, the Defendant City refused to fill at least two vacancies at the rank of Captain during this one year period, solely to avoid promoting Plaintiff.

12. Plaintiff contends the City intentionally allowed the promotional register to expire without promoting Plaintiff due to his race.

13. Due to the promotional denial by the City, Defendant Larry filed his first EEOC Charge of Discrimination on June 29, 2018.

14. Since the filing of that EEOC complaint, Plaintiff has twice been denied a promotion to the rank of Fire Captain, even though he was ranked high enough by the Mobile County Personnel Board to be eligible for both promotions.

15. During the same period of time in which Plaintiff was rejected for a promotion by Defendant, the City has promoted over 15 white fireman to the rank of Captain.

16. During the administrative investigation of Plaintiff's first EEO complaint, the Defendant produced a chart for the EEOC purporting to show the "eleven" (11) captain vacancies filled by the City during one round of promotions in 2017, seeking to explain that Plaintiff was not promoted due to a lack of available vacancies.

17. However, on that same list produced by the Defendant a twelfth vacancy was listed, but the City offered no explanation as to why that position was not offered to Plaintiff.

18. Upon information and belief, the City of Mobile's failure or refusal to promote Plaintiff to the position of Fire Captain was due to his race, in violation of Title VII.

19. Plaintiff filed a Charge of Discrimination against the Defendant with the EEOC on June 29, 2018, within 180 days of the discriminatory promotion denial.

20. Plaintiff received his Notice of Rights from the United States Department of Justice on November 27, 2019, and Plaintiff filed this action within 90 days of receiving that Notice of Rights, thereby, exhausting his administrative remedies. (Exh. A – Notice of Rights).

VI

**B. TITLE VII – Retaliation**

21. In February 2017, Plaintiff returned from his active duty deployment to his position with the City of Mobile.

22. Upon his returned to the MFRD, following his military discharge on January 22, 2017, and pursuant to USERRA, Plaintiff was placed back in his former position with the City. However, due to his service connected injury Plaintiff not able to perform his former duties as a fire service driver, and was placed on desk duty which resulted in an approximate reduction in pay of 20% of his income.

23. Plaintiff subsequently filed a complaint of discrimination with the Department of Labor's Veterans' Employment and Training Service regarding the pay reduction.

24. Also, while Plaintiff was on military duty, several promotional opportunities for the position of Fire Service Captain were announced, but Plaintiff was unable to apply due to his military service.

25. However, upon Plaintiff return form military duty, and consistent with the dictates of USERRA, the Mobile County Personnel Board allowed Mr. Larry to sit for the Captain's examination just as if he was present back in 2015 when the Fire Service Captain vacancies first became available.

26. Plaintiff received a score of 81.50 on the exam, and was the highest scorer since he was the only applicant taking the exam at the time.

27. Plaintiff's score and the promotional register certified by the Mobile County Personnel Board ("MCPB") was good for one year, through June 22, 2018, before it would expire and the vacancy list cancelled by the MCPB in accordance with that agency's rules.

28. However, upon information and belief, even though Plaintiff received a score of 81.5, the Defendant refused to fill at least two vacancies at the rank of Captain during this one year period, solely to avoid promoting Plaintiff.

29. Plaintiff contends the City intentionally allowed the promotional register to expire without promoting him in retaliation for his complaint of discrimination made to the United States Department of Labor alleging discriminatory treatment in the manner in which the Defendant reinstated Plaintiff at a lower wage contrary to his rights under USERRA.

30. Due to the promotional denial by the City, Plaintiff filed his first EEOC Charge of Discrimination on June 29, 2018, alleging retaliation as well as other claims.

31. Since the filing of that EEOC complaint, Plaintiff has twice been denied a promotion to the rank of Fire Captain, even though he was ranked high enough by the Mobile County Personnel Board to be eligible for both promotions.

32. During the same period in which Plaintiff was rejected for a promotion by City, the City promoted over 15 white firemen to the rank of Captain.

33. During the administrative investigation of Plaintiff's first EEO complaint, the Defendant produced a chart for the EEOC purporting to show the "eleven" (11) captain vacancies filled by the City during one round of promotions in 2017, seeking to explain that Plaintiff was not promoted due to a lack of available vacancies.

35. However, on that same list produced by the Defendant a twelfth vacancy was listed, but the City offered no explanation as to why that position was not offered to Plaintiff.

36. Upon information and belief, the City of Mobile's failure or refusal to promote Mr. Larry to the position of Fire Captain was in retaliation for his complaints (EEOC & Department of Labor) of racial discrimination, all in violation of Title VII.

37. Plaintiff received his Notice of Rights from the United States Department of Justice on November 27, 2019, and filed this action within 90 days of receiving that Notice of Rights. He has therefore, exhausted his administrative remedies. (Exh. A – Notice of Rights).

## VI

**USERRA CLAIM**

38. In February 2017, Plaintiff returned from his active duty deployment to his position with the City of Mobile.

39. Upon his returned to the MFRD, following his military discharge on January 22, 2017, and pursuant to USERRA, Plaintiff was placed back in his former position with the City.

40. However, due to his service connected injury Plaintiff not able to perform his former duties as a fire service driver, and was placed on desk duty which resulted in an approximate reduction in pay of 20% of his income.

41. Plaintiff subsequently filed a complaint of discrimination with the Department of Labor's Veterans' Employment and Training Service regarding the pay reduction.

42. Also, while Plaintiff was on military duty, several promotional opportunities for the position of Fire Service Captain were announced, but Plaintiff was unable to apply due to his military service.

43. However, upon Plaintiff return form military duty, and consistent with the dictates of USERRA, the Mobile County Personnel Board allowed Mr. Larry to sit for the Captain's examination just as if he was present back in 2015 when the Fire Service Captain vacancies first became available.

44. Plaintiff received a score of 81.50 on the exam, and was the highest scorer since he was the only applicant taking the exam at the time.

45. Plaintiff's score and the promotional register certified by the Mobile County Personnel Board ("MCPB") was good for one year, through June 22, 2018, before it would expire and the vacancy list cancelled by the MCPB in accordance with that agency's rules.

46. However, upon information and belief, even though Plaintiff received a score of 81.5, the Defendant City refused to fill at least two vacancies at the rank of Captain during this one year period, solely to avoid promoting Plaintiff.

47. Plaintiff contends the City intentionally allowed the promotional register to expire without promoting Plaintiff due to his complaint of discrimination made to the United States Department of Labor in violation of his rights under USERRA to be free from discrimination and retaliation.

48. Plaintiff further contends that his subsequent termination by the City was also in direct violation of his rights under USERRA to be free from retaliation.

## COUNT I

Because of its actions as outlined above in paragraphs 1 - 20, the Defendant City of Mobile has engaged in unlawful discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT II

Because of its actions as outlined above in paragraphs 21 –37, the Defendant has engaged in unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT III

Because of its actions as outlined above in paragraphs 38 – 47, the Defendant City of Mobile has violated the Uniformed Services Employment and Reemployment Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that the Defendant has engaged in unlawful discrimination and retaliation as set out in Counts I and II above;

(b) A declaratory judgment that the Defendant has violated the Uniformed Services Employment and Reemployment Rights Act.

(c) Order the reinstatement of Plaintiff to his position in the MFRD, or some other comparable position;

(d) Award Plaintiff the promotion to the rank of Captain that he was denied;

(e) Award Plaintiff Larry all back pay and benefits he would have received had he not been unlawfully denied a promotion and unlawfully terminated;

(f) Award Plaintiff reasonable compensatory damages in the amount of $300,000 for having to suffer the humiliation, stress, and embarrassment of this unlawful treatment;

(g) Award Plaintiff his costs and expenses in bringing this action, including a reasonable attorney's fee; and such other alternate relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED**.

                                        Respectfully Submitted,

                                        */s/ Ronnie L. Williams*
                                        Williams & Associates
                                        814 St. Francis Street
                                        Mobile, Alabama 36602
                                        (251) 432-6985 (Tel.)
                                        (251) 432-6987 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via CM/ECF on this the 86th day of April, 2020, as follows:

Kathryn Morris Willis (WILLK8533)
kwillis@burr.com
Emily Crow Killion (CROWE2443)
ekillion@burr.com
**BURR & FORMAN LLP**
11 North Water Street, Suite 22200
Mobile, AL 36602

                                        /s/Ronnie L. Williams