IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEATRI J. LARRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF MOBILE ALABAMA, )<br>)<br>Defendant. ) | CIV. ACT. NO. 1:19-cv-1008-TFM-MU |

### ORDER

On May 14, 2021, Defendant filed its motion for summary judgment accompanied by its brief in support and evidentiary support. *See* Docs. 45, 46, 47. Plaintiff filed his response in opposition which he then filed "corrected versions." *See* Docs. 51, 52, 53, 54, 56. Now pending before the Court are two (2) motions to strike filed by Defendant that pertain to the summary judgment briefing: (1) Motion to Strike Portions of Certain Declaration (Doc. 58, filed 6/21/21) and (2) Motion to Strike the Declaration of Myron King in its entirety for failure to comply with Fed. R. Civ. P. 26 (Doc. 59, filed 6/21/21). The motions have been fully briefed and are ripe for review. *See* Docs. 60, 61, 62, 63.

For the reasons discussed below, both motions to strike are **CONSTRUED** as objections. Having considered the objections and relevant law, the Court finds the Defendant's objection (Doc. 59) is due to be **SUSTAINED** and the remaining objections (Doc. 58) are due to be **SUSTAINED in part** and **OVERRULED in part**.

**I.**     **STANDARD OF REVIEW**

As a preliminary matter, motions to strike are generally disfavored as time wasters that distract the Court from the merits of a party's claim. Next, a motion to strike is not an appropriate

vehicle for a general attack on an opposing parties affidavits and evidence. Rule 12(f) of the Federal Rules of Civil Procedure only applies to pleadings. It states "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); *see also* 2 James Wm. Moore, *et al*., Moore's Federal Practice § 12.37[2] (3d ed. 2013) ("Only material included in a 'pleading' may be the subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, motions to strike on summary judgment have not been appropriate since December 2010. Instead, the 2010 revised Rule 56 provides that "[a] party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible for evidence." FED. R. CIV. P. 56(c)(2). The advisory committee notes further specify that

> Subdivision (c)(2) provides that *a party may object* that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. *There is no need to make a separate motion to strike.* If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

FED. R. CIV. P. 56, Adv. Comm. Notes, "Subdivision(c)" (2010 Amendments) (emphasis added).

The Court thus construes the parties' motions to strike as objections and will address each in turn.

## II.   DISCUSSION AND ANALYSIS

**A.   Myron King (Docs. 58, 59)**

Defendant seeks to exclude the affidavit of Myron King ("King") for two separate reasons. First, Defendant seeks exclusion because Plaintiff failed to list King in his Fed. R. Civ. P. 26(a) disclosures – either initially or as a supplement. *See* Doc. 59. Next, Defendant states certain

portions of the affidavit should be stricken because they contain conclusory allegations, speculation, and conjecture and other portions are irrelevant and immaterial. *See* Doc. 58 at 2-4.

Plaintiff filed his responses in opposition. *See* Docs. 60, 61. In response to the request to strike for failure to disclose, Plaintiff acknowledges the declaration was signed just two weeks prior to the summary judgment response which was after the discovery cutoff and dispositive motions deadline. *See* Doc. 60 at 1. He argues that Defendant's witnesses provided the name of another firefighter, Mark Shobe, as discovery ended. *Id*. Mr. Shobe declines to get involved in the litigation so counsel reached out to King as his former commander and supervisor. *Id*. at 2. Plaintiff states that Defendant also failed in that they did not identify King as a potential witness. *Id*. Plaintiff alleges that this is because the evidence was unfavorable. *Id*. at 2-3. As a result, he argues that since the discovery of the witness was after cut off, it was as timely as he could make it. Further, even if untimely, the failure was without prejudice to the defendant and harmless. *Id*. at 4.

Defendant filed its reply arguing that the failure to disclose by Plaintiff was not harmless and that Plaintiff's failure would prejudice the Defendant. *See* Doc 62. Specifically, Defendant rebuts Plaintiff's assertion that it failed in its own discovery requirements. *Id*. at 3-4. It avers King was not believed to have any discoverable information because he did not make any decisions with regard to Plaintiff's promotions, he was not involved in the discussions regarding the options presented in August 2019, nor the subsequent termination in September 2019. *Id*. at 4. Defendant further argues Plaintiff obviously knew about Mark Shobe since early in the discovery process because Plaintiff put him in his initial disclosures dated July 7, 2020. *Id*. at 2, n. 2 (citing Doc. 59, Ex. A); *Id*. at 3.

Ultimately, the Court agrees with the Defendant. It is clear that Plaintiff knew about Mark

Shobe as early as July 7, 2020 in his Rule 26(a)(1) Disclosures. Doc. 59, Ex. A. He clearly lists Mark Shobe as likely to have discoverable information relevant to the disputed facts in this case. *Id*. The fact Plaintiff may not have reached out to him until after the deposition of Defendant's witnesses does not change that the information was discoverable at a much earlier period.

In addition to the requirements of the Fed. R. Civ. P. 26(a), the Southern District of Alabama local rules specifically state:

> (c) Completion of Discovery. All discovery, including the filing of motions to compel, must be completed before the date established in the Rule 16 Scheduling Order. Completion of discovery means that discovery (including depositions to preserve testimony for trial) must be scheduled to allow depositions to be completed, interrogatories and requests for admissions to be answered, and documents to be produced before the deadline and in accordance with the provisions of the Federal Rules of Civil Procedure. For good cause, which typically requires a showing that the parties have diligently pursued discovery, the Court may extend the time during which discovery may occur or may reopen discovery.

S.D. Ala. CivLR 26(c). Further, the Southern District of Alabama has the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u> (2019).[1] Section I (K) specifically addresses discovery cut-off and emphasizes that it means discovery must be <u>completed</u> by that date and that any extensions beyond that deadline are "based upon a showing of good cause for such an extension (including due diligence pursuing discovery prior to the cut-off date." *Id*. at 7-8.

The Court cannot find that Plaintiff diligently pursued discovery of Mark Shobe which would have led to the discovery of King much earlier. Whether or not Defendant also failed is not something the Court can determine here from the limited information before it, though it does tend to lean towards Defendant did not believe King had discoverable information. The mere fact

---

[1] https://www.alsd.uscourts.gov/sites/alsd/files/Discovery_Practice.pdf

someone is an employee does not automatically make them relevant as Plaintiff seems to suggest. However, the Court can determine that Plaintiff did not diligently pursue the information which ultimately led to the declaration he now seeks to utilize from King.

Rule 37(c) provides that "if a party fails to provide information or identify a witness as required by Rule 26, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial <u>unless</u> the nondisclosing party shows that the failure is substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Court considers three factors in deciding this: (1) the testimony's importance, (2) Plaintiff's reason for the delay, and (3) the prejudice to Defendant. *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004); *see also Pete's Towing Co. v. City of Tampa*, 378 F. App'x 917, 920 (11th Cir. 2010) (quoting *Bearint* and 3 factors).

As Plaintiff relies upon King's declaration in opposing Defendant's motion for summary judgment, it is clear that to some extent, it is important. Next, on the reason for the delay, the Court cannot find that Plaintiff exercised diligence in the discovery process. It is clear that had he pursued Mr. Shobe earlier that he could have, by extension, obtained the information from King earlier such that reciprocal discovery could happen. The failure to identify him until after discovery presents a surprise witness that Defendant had no opportunity to depose, question, or otherwise obtain discovery. "That is not how civil litigation works. Discovery is not a game of 'blind man's bluff' ... or 'hide the ball.'" *Parrish v. Freightliner*, 471 F. Supp. 2d 1262, 1270 (M.D. Fla. 2006) (citations omitted).

This segues to the final factor, the prejudice to the Defendant. Defendant has now been placed in the situation of having an undisclosed witness offered in response to their pending summary judgment with discovery closed. And, though the Court did just delay the November

12, 2021 pretrial conference due to an overly congested December trial term, it is still clear that there is prejudice. As discovery is currently closed and the summary judgment fully submitted (and extensively briefed by all parties), there is no remedy to correct the deficiency for the purposes of the dispositive motion. As such, with regard to the summary judgment motion, the Court will exclude pursuant to Fed. R. Civ. P. 37.

However, the Court's finding here does not indicate that the matter cannot be cured at a later point, if appropriate. Should the case be decided on summary judgment, then no further action is necessary. However, if this matter survives summary judgment, the Court may consider reopening discovery for the sole matter of allowing Plaintiff to correct the deficiency and allow Defendant the opportunity to depose King. The discovery deficiency would be corrected and Plaintiff could potentially utilize King's testimony.[2] This balances the interests of both parties as far as present and future matters in this case.

Consequently, Defendant's objections to Myron King's declaration are **SUSTAINED** as to consideration on the motions for summary judgment and the declaration (Doc. 53-6) will not be considered.

**B.     Plaintiff Deatri Larry (Doc. 58)**

To start, Plaintiff submits two affidavits though they appear, in substance, to be identical. *Compare* Doc. 51-1 *with* Doc. 53-15. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4).

---

[2]  This finding solely relates to the argument on a discovery deficiency and does not preclude a ruling as to any other objections made at trial pursuant to the Federal Rules of Evidence. The remaining objections to King's declaration (Doc. 58 at 2-4) need not be addressed.

In a footnote, Defendant states the signatures do not satisfy the requirements for an affidavit or declaration. Doc. 58 at 4, n. 4. Plaintiff does not address the argument regarding signatures in his response. *See* Doc. 61 at 3-4. As those affect the entirety of the submitted declarations, the Court starts there before turning to the substance of the declarations.

The second submitted "Declaration of Plaintiff" (Doc. 53-15) is not signed and therefore does not satisfy the requirements of 28 U.S.C. § 1746 or Rule 56. *See Howard-Ahmad v. Chicago Sch. Reform Bd. of Trustees*, 161 F. Supp. 2d 857, 861 (N.D. Ill. 2001); *Baron v. Acasta Capital*, Civ. Act. No. 16-25118, 2017 U.S. Dist. LEXIS 112394, *7, 2017 WL 3084416, *3 (S.D. Fla. Jul. 18, 2017); *Airington v. ITW Food Equip. Group LLC*, Civ. Act. No. 1:13-cv-507-ELR, 2015 U.S. Dist. LEXIS 180468, *3, 2015 WL 11233184, *1-2 (N.D. Ga. Apr 21, 2015); *Davis v. Homeamerican Credit, Inc.*, Civ. Act. No. 1:09-cv-1462-TCB-GGB, 2011 U.S. Dist. LEXIS 163406, *4, 2011 WL 13214216, *2 (N.D. Ga. Dec. 16, 2011) (citations omitted); *Diamond Heads, LLC v. Everingham*, Civ. Act. No. 8:07-cv-462, 2009 U.S. Dist. LEXIS 70517, *18-19, 2009 WL 1046067, *6 (M.D. Fla. Mar 31, 2009). Therefore, the unsigned declaration is inadmissible for consideration on the motion for summary judgment and the objection as to Doc. 53-15 is **SUSTAINED**.

The first submitted "Declaration of Plaintiff" (Doc. 51-1) has does not contain a wet signature nor a verified digital signature. Rather, it merely has a "s/Deatri J. Larry." Doc. 51-1 at 7. The Court has found mixed guidance on the matter. The majority of the cases that seemingly exclude declarations with a "/s/" style signature are either (a) over ten (10) years ago which disregards the fact that digital signatures are very common in today's world or (b) because it violates a specific local rule established by the Court. *See, e.g. Bryant v. Orlando Sentinel Commc'ns*, Civ. Act. No. 6:05-cv-1710, 2007 U.S. Dist. LEXIS 44590, *14, 2007 WL 1796258,

\*5 (M.D. Fla. Jun 20, 2007) (striking affidavit with /s/ signature stating it was "unsigned"); *Marion-Johns v. Agency of Credit Control, Inc.*, Civ. Act. No. 17-438, Doc. 70 (W.D. Okla. Dec 20, 2017) (stating the digital signature was not in accordance with the court's policies and procedures manual for non-attorney signature in electronic format, but permitting correction of deficiency). However, prior to determining whether a digital signature in this format is sufficient, the Court will determine the merit of the other objections to Plaintiff's declaration.

With regard to paragraphs 34, 37, 41, Defendant objects saying that they contradict prior sworn deposition testimony. *See* Doc. 58 at 4-8. Therefore, the Court turns to the "sham affidavit rule" to discuss its applicability to the circumstances at hand.

> The Eleventh Circuit, in limited circumstances, allows a court to disregard an affidavit as a matter of law when, without explanation, it flatly contradicts his or her own prior deposition testimony for the transparent purpose of creating a genuine issue of fact where none existed previously. *See Tippens* [*v. Celotex Corp.*], 805 F.2d [949,] 953-54 [(11th Cir. 1986)]; *Van T. Junkins & Assocs. v. U.S. Indus.*, 736 F.2d 656 (11th Cir. 1984). However, the rule only operates in a limited manner to exclude unexplained discrepancies and inconsistencies, as opposed to those "which create an issue of credibility or go to the weight of the evidence." *Tippens*, at 953; *see also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012) (stating, "[where] the apparent contradiction derives not from purposeful fabrication but instead from dialectical misunderstanding . . . any apparent contradiction becomes 'an issue of credibility or go[es] to the weight of the evidence'") (alterations in original). Put differently, "[a]n opposing party's affidavit should be considered although it differs from or varies [from] his evidence as given by deposition or another affidavit and the two in conjunction may disclose as issue of credibility." *Tippens*, at 953 (quoting *Moore's Federal Practice* § 56.15 (2d ed. 1985)) (alterations in original). In any case, the rule should be applied "sparingly because of the harsh effect it may have on a party's case." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1316 (11th Cir. 2007) (quoting *Rollins v. TechSouth*, 833 F.2d 1525, 1530 (11th Cir. 1987)) (internal brackets omitted).

*Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306-07 (11th Cir. 2016).

With regard to paragraphs 34, 37, and 41, the Court finds that the objections are sustained not only under the sham affidavit, but also because it is not based upon Plaintiff's personal knowledge. Plaintiff contradicts his sworn deposition testimony by now modifying his statements

to now rely upon the statements of others as opposed to his own personal knowledge. Plaintiff declaration relies upon the testimony of Lami and even cites to Lami's deposition for the statement and also the King declaration (which has already been stricken). Plaintiff cannot use the testimony of others to modify his own testimony. While frequently the discrepancies between deposition testimony and subsequent declarations/affidavits are matters of credibility to be weighed by the factfinder, in this instance it is clear that Plaintiff has modified his statements based on the statements and evidence of others as opposed to his own independent testimony. As such, the objections to paragraph 34, 37, and 41(a)[3] are **SUSTAINED**.

Defendant also objections to paragraphs 16, 30, 33, 40, 41, 42, 43, and 44, arguing they contain conclusory allegations, speculation, and conjecture on his part. *See* Doc. 58 at 8-9. Defendant also objections to paragraph 13 as containing inadmissible hearsay and paragraphs 35, 38, and 39 as irrelevant and immaterial.

"[A] district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'" *Macuba v. DeBoer*, 193 F.3d 1316, 1323 (11th Cir. 1999) (citations omitted). Further, when reviewing material in an affidavit, the Court considers the Defendant's objection much as it would at trial, but adjusted for the pretrial setting.

The Court notes up front with regard to any portions of the declaration that rely upon the testimony or declarations of others, that information cannot come in through the Plaintiff. Rather,

---

[3] The Declaration includes an error in that on the final page the numbering is 41, 40, 41. *See* Doc. 51-1 at 7. The Court will reference 41(a) as the first statement "But total compliance with the NFPA standards has never been 100% despite having achieved these high standards. The MFRD has even had wheelchair-bound individuals as fire team members who served with distinction Tab F (King decl. ¶ 16)." ¶ 41(b) is "Once I started complaining, all of a sudden senior staff started regular visits to HR and Legal looking for a way to rid themselves of me. Never offering me a civil position as was done with Mark Shobe and at least two other white employees."

Plaintiff must show that the hearsay could be reduced to an admissible form.  In the response in opposition to the motion to strike, he states:

> Plaintiff would agree that some of the information referenced may be immaterial as to the issues of discrimination and retaliation, but that same information contextualizes those facts that do indeed show an effort to deny plaintiff first a promotion, and secondly employment altogether.  Most of the facts cited by plaintiff are echoed by Deputy Chief King, who had a seat at the management table when plaintiff's status was discussed and debated, and King verifies through his declaration the efforts on the part of defendant to deny plaintiff a promotion, and later his employment.

Doc. 61 at 4.  He also said that paragraphs 12 through 34 provide his contentions and the obvious inferences from the position not being filled.  *Id*.  However, Plaintiff does little to nothing to specifically respond to Defendant's objections.

The Court notes that Plaintiff cannot rely upon the testimony of others and present it as his own through by putting his own spin on it after his deposition.  Specifically, there are multiple paragraphs that explicitly rely upon the testimony of King and Lami and don't provide any independent information from Plaintiff.  As the Court has already stricken King's declaration for summary judgment purposes, the Court finds the following paragraphs of Plaintiff's declaration are necessarily stricken as well: Paragraphs 32, 33, 34, 36, 37 (partial – "And Chief Lami agrees with this assessment."), 38, 40, 42, 43.  Therefore, as to these paragraphs, Defendant's objections are **SUSTAINED**.

This leaves the Court to review paragraphs 16, 30, 41(b), and 44.  With regard to Paragraphs 16 and 41(b), the Court finds that they simply present Plaintiff's perspective that Defendant's refused to consider him after promotion and that he believed senior staff were looking for a reason to get rid of him after his complaints.  These statements are merely his opinion.  To the extent Defendant objects that it is conclusory, speculation, and conjecture, that objection is **OVERRULED** but the Court notes that simply putting Plaintiff's opinion in a declaration does

not make an opinion a fact.

With regard to paragraph 30, though it does not specifically cite to King's declaration, given the subject and subsequent paragraph, it is clear, Plaintiff relies upon King's declaration to make this statement. Plaintiff makes no statement that he was present nor that he would otherwise have personal knowledge of what occurred at MFRD executive staff meetings. Therefore, the objection is **SUSTAINED** given that King's declaration has been stricken.

Finally, with regard to paragraph 44, Defendant objects stating Plaintiff provides no additional facts to support the statement, identify foundation for the information, or any other specifics. However, that does not provide a basis for striking the information, but rather simply addresses the weight the statement is due. As such, the objection is **OVERRULED**.

Having addressed the specific objections, the Court now turns back to the issue of the "s/ Deatri J. Larry" signature on the declaration. *See* Doc. 51-1 at 7. The Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama states:

> Documents that must contain original signatures or that require either verification or an unsworn declaration under any rule or statute, shall be filed electronically. The document electronically filed shall indicate a signature (e.g., "s/Jane Doe"), or the original may be scanned and electronically filed in the ECF system. The filing ECF User shall retain the hard copy of the document containing the original signatures for two (2) years after final resolution of the action, including final disposition of all appeals.

Section II(C)(3), located at https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf, revised 2/1/2019. Therefore, the Court finds that in this instance the signature satisfies the electronic filing requirement so long as Plaintiff's counsel can produce a hard copy of the document containing an original signature. Therefore, at present, the Court declines to strike the declaration (Doc. 51-1) based on the signature, but will require that Plaintiff must submit a copy of the original signature declaration on or before **November 15, 2021**. If Plaintiff fails to comply by the deadline, the

declaration will be struck in its entirety. To be clear, the submission of an original signature will not affect the rulings on the objections contained here, only whether the unsworn declaration's signature satisfies the Court's rules and procedures.

### III. CONCLUSION

For the reasons discussed in this order, the Court construes the motions to strike (Docs. 58, 59) as objections pursuant to FED. R. CIV. P. 56(c)(2).

**DONE** and **ORDERED** this the 5th day of November 2021.

                                                          s/Terry F. Moorer
                                                        TERRY F. MOORER
                                                        UNITED STATES DISTRICT JUDGE