[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11697

Non-Argument Calendar

_____

DEATRI J. LARRY,

                                                Plaintiff-Appellant,

versus

CITY OF MOBILE, ALABAMA,

                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cv-01008-TFM-MU

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Deatri Larry appeals following the district court's grant of summary judgment for the City of Mobile ("the City") on his race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and discrimination and retaliation claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). He argues that the district court abused its discretion in excluding Myron King's declaration pursuant to Fed. R. Civ. P. 37(c) based on Larry's failure to disclose him as required under Fed. R. Civ. P. 26 as a person likely to have discoverable information. He also argues that the declaration would have created a genuine issue of material fact at summary judgment if allowed.

We review the decision to exclude a witness statement for abuse of discretion. *Baxter v. Roberts*, 54 F.4th 1241, 1254 (11th Cir. 2022). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes findings of fact that are clearly erroneous. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019).

We review the district court's grant of summary judgment *de novo*. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate if, construing the evidence in the light most favorable to the non-movant, the movant shows that there is no genuine dispute of material fact, and the

movant is entitled to judgment as a matter of law. *Id.* at 1263-64. We may affirm summary judgment on any ground supported by the record, even if the district court relied on an incorrect ground or gave an incorrect reason. *Id.* at 1264.

We have held that we will review the district court's evidentiary ruling for an abuse of discretion where an appellant argues that it was entitled to judgment as a matter of law solely based on the failure to exclude testimony at trial under Rule 37. *Taylor v. Mentor Worldwide, LLC*, 940 F.3d 582, 591-92 (11th Cir. 2019). Thus we construe Larry's appeal as a challenge to the district court's order excluding King's declaration rather than a challenge to its summary judgment order because he does not challenge any facts or conclusions the district court made at summary judgment and merely argues that exclusion of King's declaration was fatal to his case at summary judgment.

Rule 26 requires parties to disclose individuals likely to have discoverable information in their initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). Parties are required to supplement incomplete disclosures in a timely manner. Fed. R. Civ. P. 26(e).

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). It further provides that "[i]n addition to or instead of this sanction," the court may order payment of reasonable expenses and fees or

impose other appropriate sanctions. *Id.* When reviewing the decision to exclude a witness statement, we consider (1) the explanation for the failure to disclose the witness, (2) the importance of the testimony, and (3) the prejudice to the opposing party. *Baxter*, 54 F.4th at 1254.

In *Baxter*, we upheld a district court's decision to exclude a witness statement submitted in response to a motion for summary judgment by a witness who had not been disclosed under Rule 26. *Id.* at 1252, 1255. We reasoned that the explanation that the witness had been disclosed in a related case was insufficient, that the testimony was unimportant at summary judgment, and that the testimony would prejudice the opposing party because they would not have the opportunity to depose the witness or develop other evidence. *Id.* at 1254-55.

On appeal Larry basically makes two arguments: (1) that the district court abused its discretion by applying an incorrect legal standard—i.e. an incorrect interpretation of Rule 37; and (2) that the district court abused its discretion in weighing the relevant factors in evaluating the asserted violation of Rule 37. We address and reject each argument in turn.

I.

Larry argues for the first time on appeal that the district court employed an incorrect interpretation of Rule 37. Larry argues that the district court erroneously perceived Rule 37 as a mandatory and automatic exclusion of the challenged evidence, unless Larry could show that his failure to disclose was either substantially

22-11697               Opinion of the Court                            5

justified or harmless. In other words, Larry argues that the district court erroneously assumed—once it had found that the Rule 26 violation was neither substantially justified nor harmless—that it had no discretion to order—instead of exclusion of the evidence—a lesser sanction like a continuance to allow the City to depose King. For separate and independent reasons, we reject Larry's new argument.

First, we see no indication in the text of the district court's order, or otherwise in the record, that the district court actually thought that it had no discretion to consider a lesser sanction instead of excluding the evidence. When Larry makes this argument for the first time on appeal, he cites only page 5 of the district court's order, Doc. 74. *See* Larry's Brief at 13. However, at that page 5 the district court merely quotes, verbatim, language from Rule 37. The district court does not say that exclusion of the evidence is mandatory and automatic once it found that the failure to disclose was neither substantially justified nor harmless. And the district court makes no mention of any lack of discretion or lesser sanctions. Quite inconsistent with any such perception, the district court expressly remarked that it would consider curing the violation later—if Larry survived summary judgment—by reopening discovery. *See* Doc. 74 at 6. Especially in light of this remark, we cannot conclude that the district court actually entertained the interpretation of Rule 37 that Larry suggests.

A second reason to reject this new argument is that Larry makes this argument for the first time on appeal; he never

requested the district court grant a continuance to permit the deposition of King rather than excluding the evidence; he never requested the district court impose a lesser sanction even if it found Larry's failure to disclose was neither substantially justified nor harmless. Thus, Larry did not preserve for appeal a claim of error, as required by Federal Rule of Evidence 103(a). And there is no plain error under Rule 103(e). It is not plain or obvious whether the Eleventh Circuit law provides for a mandatory and automatic exclusion if the failure to disclose was neither substantially justified nor harmless, or whether our law allows a district court discretion to apply a lesser sanction instead of exclusion even under those circumstances. *See Taylor*, 940 F.3d at 603-06 (controlling concurring opinion by J. Carnes, J.) (pointing to the conflict in the circuits on the issue of whether the exclusion of evidence is mandatory and automatic in the absence of substantial justification or harmlessness, and, at 606, "leav[ing] for another day a more dispositive ruling as to the circumstances under which a litigant's violation of Rule 37(c)(1) should result in automatic exclusion of undisclosed evidence."). Indeed, in *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1308 (11th Cir. 2021), we declined to entertain this very issue because the litigant had failed to raise the issue in the district court. We declined to address for the first time on appeal such "legal theories and arguments not raised squarely before the district court." *Id*. at 1308.

II.

Having rejected Larry's first argument, we turn to his second. He argues that the district court abused its discretion in weighing the relevant factors—i.e. Larry's explanation for failure to disclose the evidence initially or promptly supplement his initial disclosure; the importance of the evidence; and the prejudice to the City.

First, the district court assumed King's declaration was important to Larry's case because he relied on it in opposing the City's motion for summary judgment. The declaration arguably was important to Larry's case because King stated that he sat in on meetings where Larry's complaints were discussed (which may have given him personal knowledge); that Larry's complaints were the reason he was not promoted; and that other white employees had been given administrative roles, so the City could have done so for Larry.

Second, regardless of the declaration's importance, the district court did not clearly err in finding that there was not substantial justification for Larry's failure to disclose King as a witness. Larry argued that he found out about King from Shobe, suggesting that was toward the end of discovery. But Shobe was listed in Larry's initial disclosures from July 7, 2020, so he would have known about Shobe almost a year before discovery closed on April 30, 2021. The district court did not abuse its discretion in concluding that Larry did not diligently pursue discovery with respect to Shobe, which would have led him to King much earlier. It is clear from Larry's "Response to Defendants' Motion to Strike

| 8 | Opinion of the Court | 22-11697 |

Declaration of Myron King," Doc. 60, that Larry had talked to Shobe well before discovery ended, but reached out to King only later, after Shobe elected not get involved. *See* Larry's Response, Doc. 60 at 2 ("Counsel for Plaintiff reached out to Mr. Shobe because he had reportedly been offered a civilian position with the department if he would resign his sworn position as a firefighter. Mr. Shobe rejected the offer and took a partial disability retirement. Mr. Shobe provided information relating to the offer but later elected not to get involved in plaintiff's litigation, . . . Following up on information provided by Mr. Shobe, plaintiff reached out to Shobe's supervisor and ultimately to his former commander, former deputy chief Myron King."). It is clear from Larry's Response, and from the fact that Larry worked there in the same fire department, that Larry knew all along about Shobe, and who his supervisor and commander (former deputy chief King) were. Moreover, Larry had an ongoing obligation to supplement his disclosures. We cannot conclude that the district court abused its discretion in finding that Larry failed to meet his obligation to supplement in this regard. And we know he actually obtained the signed declaration from King two weeks before he filed it in support of his defense to the City's motion for summary judgment, thus disclosing King as a witness for the first time. We cannot conclude that the district court abused its discretion in finding that Larry's failure to disclose King as a witness was not substantially justified.

Third, the district court did not clearly err in finding that King's declaration did prejudice the City. Larry's argument that King was an employee of the fire department, and therefore known

to the City, does carry some weight because the City arguably might have known whether King had relevant information. But there was no clear error by the district court in finding that the City was prejudiced because Larry had the burden of presenting evidence to show he was entitled relief, which means he was required to perform his own discovery to find adequate witnesses. Further, Larry responded to the City's motion for summary judgment with King's declaration a month and a half after discovery closed, which prevented the City from deposing King.

Finally, Larry argues that *Taylor* indicates that the district court had other options rather than excluding King's declaration. Even assuming that to be true, we note initially that Larry never suggested to the district court a lesser sanction: he never requested the district court reopen discovery rather than striking the evidence. We conclude that the district court did not abuse its discretion in choosing exclusion rather than a lesser sanction. At that point, the court had already extended discovery once, and both parties had filed briefs for summary judgment. The decision not to extend discovery again in the middle of summary judgment does not constitute an abuse of discretion.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 14, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-11697-HH
Case Style: Deatri Larry v. City of Mobile, Alabama
District Court Docket No: 1:19-cv-01008-TFM-MU

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs